HENRY M. HAGAN, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

LANDLORD AND TENANT, § 325*—*when surrender of premises with acquiescence of lessor shown.* In an action for rent, a surrender of leased premises with the lessor's acquiescence is shown by the defendant's uncontradicted testimony that he had vacated the premises some months before he gave up the keys to plaintiff, that he had paid rent up to that time, that the keys were given up at plaintiff's request, defendant stating at the time of surrendering them that in so doing he was to be released from further obligations, and that plaintiff took and retained the keys without dissenting from that proposition and without demanding any further rent until about 9 months later.

---

## Mary Lawson, Defendant in Error, v. A. Wilberforce Williams, sued as A. Wilerfore Williams, Plaintiff in Error.

### Gen. No. 23,453.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed May 14, 1918.

## Statement of the Case.

Action by Mary Lawson, plaintiff, against A. Wilberforce Williams, sued as A. Wilerfore Williams, defendant, to recover money claimed to be due plaintiff. From a verdict for plaintiff for a tortious con-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

version of her property and a judgment thereon, defendant brings error. The bill of exceptions having been stricken, review was had upon the common-law record.

W. M. FARMER, for plaintiff in error.

WILLIAM S. STAHL, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim is insufficient to support verdict in tort for conversion.* A statement of claim alleging that plaintiff's claim is "for money due and received by defendant from moneys withdrawn" from a certain bank during a certain period and that defendant had frequently promised to pay plaintiff "the moneys so due her from withdrawals made by him from said bank," followed by an averment that "though often requested defendant has not paid plaintiff said money * * * but has fraudulently and feloniously withdrawn said moneys from said bank and converted same to his own use," although possibly good as in assumpsit if the verdict were responsive to that theory, will not support a verdict in tort for conversion as it does not set forth the elements of a tort.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.